**Harry CALCUTT, Creditor against the Estate of Celia C. Motley, Claimant-Appellee-Appellant,**

v.

**The FIRST NATIONAL BANK OF MEMPHIS, Executor of the Estate of Celia C. Motley, Deceased, Defendant-Appellant-Appellee.**

Court of Appeals of Tennessee, Western Section.

May 4, 1976.

Certiorari Denied by Supreme Court Aug. 16, 1976.

William W. Dunlap, Jr., Memphis, for Harry Calcutt, Creditor.

William F. Kirsch, Jr., Robert N. White, Samuel H. Mays, Jr., and Heiskell, Donelson, Adams, Williams & Kirsch, Memphis, for First National Bank.

CARNEY, Presiding Judge.

The Probate Judge sustained the claim of Harry Calcutt, Jr. to 32 shares of stock in West Tennessee Soya Mill and 22 shares of stock in Dyersburg Cotton Products Corporation together with all stock dividends which the decedent, Mrs. Celia C. Motley held at her death on June 22, 1973. The Court found that Mrs. Celia C. Motley, aunt of the claimant, Harry Calcutt, Jr., had received the stock from her father, N. W. Calcutt, under an express oral agreement that she would keep them as life tenant only and that she would ultimately give the shares of stock to her nephew, Harry Calcutt, Jr., by gift or by will. N. W. Calcutt died July 6, 1949. The First National Bank of Memphis, Executor of the estate of Mrs. Motley, has appealed from the Court's finding that there was an oral trust made in 1945 by Mrs. Motley.

The Probate Judge denied another claim of Harry Calcutt, Jr. against the estate of his aunt, Mrs. Celia C. Motley, for $5,200 plus interest from February 1950. Claimant contended that his grandmother, Mrs. Celia Calcutt, died intestate and left an estate of approximately $15,000 which the decedent, Mrs. Celia C. Motley, appropriated to her own use and that he was entitled to one-third under the Statutes of Distribution. He further contended that the Statutes of Limitations did not apply because the decedent falsely informed him shortly after his grandmother's death that his grandmother left no estate. He has appealed from the order disallowing his claim.

For many years prior to his death in July, 1949, N. W. Calcutt was a prominent businessman in Dyersburg, Tennessee. He had three children: (1) The deceased Mrs. Celia Calcutt Motley; (2) Carney C. Calcutt; and (3) H. C. Calcutt, father of the claimant, Harry Calcutt, Jr. In 1918, N. W. Calcutt was president of a company engaged in making barrel staves and headings. His son, Harry Cecil Calcutt, was secretary-treasurer of the corporation. Harry C. Calcutt was drowned in 1918 at or about the time the claimant, Harry C. Calcutt, Jr., was born. The mother of the claimant, Mrs. Mary Ferguson Calcutt, remarried and moved to Traverse City, Michigan, where the claimant, Harry C. Calcutt, was reared. Carney C. Calcutt, the second son of N. W. Calcutt, continued to live in Dyersburg, Tennessee, where he was engaged in various financial ventures, both alone and in partnership with his father, N. W. Calcutt. Mrs. Celia Motley, the daughter, lived in Memphis, Tennessee.

During the depression years of 1929 through 1935, N. W. Calcutt experienced financial difficulties. By 1939, the financial affairs of N. W. Calcutt were much improved. On June 3, 1939, he wrote his former daughter-in-law, mother of his grandson, the claimant, Harry C. Calcutt, Jr., sending her $100.00 of which amount $50.00 was from her farming interests and $50.00 was interest. He gave a report to his daughter-in-law about a gasoline service station which the former daughter-in-law owned in the Dyersburg area. Mr. Calcutt also accepted an offer which Mrs. Mary Ferguson Calcutt Larsen had previously made to settle for $10,000 cash an indebtedness of approximately $14,000 owed by N. W. Calcutt to her and/or her son, Harry C. Calcutt, Jr., arising out of Harry C. Calcutt's interest in the Stave Mill property in the Dyersburg area.

On June 27, 1939, N. W. Calcutt, Mrs. Mary Ferguson Larsen, former wife of Harry C. Calcutt, and the claimant, Harry C. Calcutt, Jr., entered into a written contract which recited that N. W. Calcutt was indebted to claimant, Harry C. Calcutt, Jr., and his mother in various sums evidenced by promissory notes; that in consideration of $10,000 cash they did release N. W. Calcutt from all amounts due to either of them. The contract concluded with the following three pertinent paragraphs:

"It is further agreed that in the acceptance of the above amount, same shall be in full and complete settlement and compromise of all claims and obligations of any kind or character, that either party may have, either in the past, present, or future, against N. W. Calcutt or Mrs. Celia Calcutt or either of their estates. Except such voluntary bequest as they may make in their wills.

"Said Party of the Third Part does further release the Party of the First Part from any liability whatsoever as surety on a certain guardian bond in the County Court of Dyer County, Tennessee wherein Mary Ferguson (Calcutt) Larsen qualified as his guardian.

"Said Party of the Third Part does hereby further release Party of the Second Part from making a sworn itemized guardian settlement to said County Court of Dyer County, Tennessee."

On October 8, 1945, N. W. Calcutt executed his will naming his daughter, Mrs. Celia Calcutt Motley, executrix without bond. He devised all his property, real, personal, and mixed to his wife, Celia Calcutt, for and during her natural life with remainder to his daughter, Celia C. Motley. The will closed with the following paragraph:

"I have heretofore made advances and discharged liabilities for my other children, and for this reason, I make the dispositions herein set out."

Harry C. Calcutt, Jr. and Carney C. Calcutt, the grandson and son, were not mentioned in the will by name. His daughter, Mrs. Celia C. Motley, qualified as executrix. The record does not show what advances he had made nor what liabilities he had discharged for his sons, Harry C. Calcutt and Carney C. Calcutt.

His widow, Mrs. Celia Calcutt, died without a will in February 1950. N. W. Calcutt left an estate valued at approximately $145,000 consisting of real and personal property. Final settlement of Mrs. Celia C. Motley is not shown in this record. Some of the estate left by N. W. Calcutt may or may not have included property conveyed to him by his son, Carney C. Calcutt, prior to N. W. Calcutt's death. In October 1945, his son, Carney C. Calcutt, was involved in litigation with one B. Frank Craddock over some joint business transactions. The Tennessee Court of Appeals rendered judgment in favor of Craddock against Carney Calcutt for $111,000. Shortly before this judgment was rendered, Carney Calcutt, the son, transferred some or possibly all his property to his father, N. W. Calcutt, in order to prevent the judgment creditor, B. Frank Craddock, from reaching these assets.

In August 1956, Carney Calcutt reached an agreement with his judgment creditor, B. Frank Craddock, and obtained a full release from Craddock. On June 22, 1973, Mrs. Celia C. Motley died testate in Shelby County, Tennessee, leaving no part of her estate to her nephew, the claimant, Harry C. Calcutt, Jr., and no part to her brother, Carney Calcutt.

On December 19, 1973, Carney C. Calcutt filed a claim against the estate of Mrs. Celia C. Motley asserting that he was entitled to one-half of the property which his sister, Celia C. Motley, received under the will of their father, N. W. Calcutt, under an oral trust and that he was entitled to one-third of the property allegedly received by Mrs. Celia C. Motley from the estate of their mother. The claims of Carney C. Calcutt have been litigated and the Probate Court ruled adversely to Carney C. Calcutt. He has not appealed.

On December 27, 1973, the claimant, Harry C. Calcutt, Jr., filed the same claims against the estate of Celia C. Motley as Carney C. Calcutt filed. He insisted that he was entitled to one-half of the assets received by Celia C. Motley under the will of N. W. Calcutt on the theory that he was the beneficiary of an oral, secret trust; that his aunt, Mrs. Celia C. Motley, agreed to hold the property only for Mrs. Motley's lifetime and give one-half the N. W. Calcutt estate to Harry Calcutt by gift or will. On the same day, the claimant, Harry C. Calcutt, Jr., filed a claim against Mrs. Celia C. Motley's estate alleging he, too, was enti-

tled to receive one-third of the estate of his grandmother, Mrs. Celia Calcutt, which Mrs. Celia Motley allegedly had appropriated.

## APPEAL OF FIRST NATIONAL BANK, EXECUTOR

The decision of the Probate Judge awarding the stock to Harry C. Calcutt, Jr. is predicated entirely upon the uncorroborated testimony of Carney C. Calcutt. Carney C. Calcutt testified that in 1945 N. W. Calcutt, Celia C. Motley, and Harry Calcutt, Jr. participated in a family conversation at which time they agreed that a grain elevator would be transferred to Mrs. Celia C. Motley and the remainder of the N. W. Calcutt estate was to be divided equally between Carney C. Calcutt and Harry C. Calcutt, Jr. after the death of their mother, Mrs. Celia Calcutt and the death of Celia C. Motley. Carney C. Calcutt also testified that in late 1945 there was a second conversation among the parties, that is, N. W. Calcutt, his sister, Celia C. Motley, and his nephew, Harry C. Calcutt, Jr. The original agreement was modified so that Celia C. Motley agreed to hold in trust for Harry C. Calcutt, Jr. stock owned by N. W. Calcutt in four companies, namely, Dyersburg Cotton Products, Tennessee Soya Mill, Lake County Oil Mill, and the Sheraton Corporation, in lieu of the one-half of the residue of the N. W. Calcutt estate.

The Trial Judge permitted an amendment to the pleadings after the conclusion of the trial to permit Harry C. Calcutt, Jr. to claim only the stock instead of one-half of the N. W. Calcutt property. The Court disallowed the claim for the Lake County Oil Mill stock and Sheraton stock because the Lake County Oil Mill was defunct and the Sheraton stock had been sold.

The claimant, Harry C. Calcutt, Jr., is a practicing attorney of the State of Michigan. He attended Amherst College from 1935 through 1937. He received his A.B. degree at the University of Michigan in 1939. He served in the U.S. Marine Corps in World War II from 1941 to 1946. He earned and received his law degree from the University of Michigan in 1947 having attended Law School while in the Marine Corps. He was named Chairman of the Board of Northwestern Savings and Loan in Traverse City in 1955 and Chairman of the Board of State Savings Bank of Traverse City in 1964.

When shown the written contract of date June 27, 1939, he expressed doubt that the signature "Harry Cecil Calcutt" was genuine though it was notarized before R. E. Rice, Notary Public of Dyer County, Tennessee. He said that his birth certificate showed his name as Harry Calcutt, with no middle name, and so did his records in the Marine Corps. He said he was unable to find his birth certificate. He was shown two records published by Amherst College. One was dated 1937 and the other dated 1973. Both listed his name as Harry Cecil Calcutt.

Harry C. Calcutt, Jr. testified as a witness in support of Carney C. Calcutt's claim against the Motley estate that he, Harry C. Calcutt, Jr., was present at the time his aunt, Mrs. Celia Motley agreed to deliver to his uncle, Carney C. Calcutt, some of the N. W. Calcutt property if and when the claim of Craddock was settled. He was in law school at that time. He conceded that he was not present at the time Carney C. Calcutt allegedly made the new agreement with the deceased Celia Motley modifying the former agreement so as to give the claimant, Harry C. Calcutt, Jr., certain specific stocks rather than one-half of the net estate. He had never heard of any such agreement until Carney C. Calcutt so testified on the trial of Harry Calcutt Jr.'s claim against the estate. His Honor the Probate Judge accepted the testimony of Carney C. Calcutt as establishing an oral trust in favor of the claimant for the stocks mentioned by Carney C. Calcutt.

■ The First National Bank, as Executor, has filed four assignments of error all of which attack the holding of the Trial Judge that there was a trust in favor of the Claimant, Harry C. Calcutt. We find no merit in the Bank's contention that the compromise agreement of $10,000 executed

on June 27, 1939, barred the rights of the claimant to recover under a trust theory from the deceased, Celia C. Motley. The alleged trust agreement by Celia C. Motley was made, if at all, in 1945 or later and subsequent to the execution of the release. The release agreement which expressly exempted voluntary bequests by N. W. Calcutt and/or wife would also exempt gifts by oral trust.

However, we hold that the Executor's assignments of error to the finding of an oral trust are sustained. Claimant testified that in 1950 he asked his Aunt Celia about his grandmother's estate and Mrs. Motley told him that Mrs. Celia Calcutt had no estate. He never asked her about his alleged interest in remainder to the N. W. Calcutt property. Carney C. Calcutt testified that on one occasion after he had settled with B. Frank Craddock, he asked his sister for his part of the N. W. Calcutt property and she refused to give it to him. The date of this alleged conversation is not given.

We hold that the uncorroborated testimony of Carney C. Calcutt is insufficient to establish an oral trust in the property received by Mrs. Motley from her father, N. W. Calcutt. The proof was not clear, cogent and convincing. *Hunt v. Hunt,* (1935), 169 Tenn. 1, 80 S.W.2d 666; *Linder v. Little,* (M.S.Tenn.App.1972), 490 S.W.2d 717; *Hoffner v. Hoffner,* (E.S.1949), 32 Tenn. App. 98, 221 S.W.2d 907.

### APPEAL OF HARRY C. CALCUTT, JR. SEEKING TO ESTABLISH A CONSTRUCTIVE TRUST IN THE ESTATE OF HIS GRANDMOTHER, MRS. CELIA CALCUTT

The only proof that Mrs. Celia Calcutt had an estate is that First Citizens National Bank in Dyersburg, Tennessee, had a signature card signed by Mr. and Mrs. Calcutt dated January 10, 1940, showing that there was an account in the name of Mr. or Mrs. N. W. Calcutt. The signature card does not give the amount of any joint account. A bank ledger sheet in the name of "N. W. Calcutt" only shows a balance on July 9, 1949, of $12,826.67. Another ledger sheet of the First Citizens National Bank showing an account in the name of "N. W. Calcutt Estate" shows a balance of date June 3, 1952, of $1,729.13. These are the only bank records introduced in evidence. A bank employee testified that all other records had been lost or misplaced and, after diligent search and inquiry, she had been unable to find any more records.

Harry C. Calcutt testified that immediately after his grandmother's funeral, he asked his aunt, Celia Motley, if his grandmother had any estate and his aunt, Celia Motley, told him that there were no assets in her estate. Carney C. Calcutt testified that in 1951, he was working with an auditor and learned that there were funds in a joint account in the Bank. His mother never drew any funds out of the joint account after his father's death because she was bedridden, 88 years of age, and incapacitated with a full time trained nurse at her side; that the sister, Celia Motley, drew checks on the account to pay expenses of their mother's last illness in an approximate amount of $2,400.00.

Claimant's assignment of error is overruled because the proof does not show the amount, if any, in the estate of Celia Calcutt at the time of her death in 1950. We pretermit the defense of the Statute of Limitations and laches.

The appeal of claimant, Harry C. Calcutt, Jr., is denied.

A decree will be entered in this Court reversing the decree below in favor of Appellee Harry C. Calcutt, Jr. and dismissing both his claims against the estate of Mrs. Celia Motley, deceased. The claimant, Harry C. Calcutt, Jr., is taxed with the costs in the Court below and in this Court.

MATHERNE and NEARN, JJ., concur.